IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KENNY RAY CRAIG, SR.,

        Plaintiff

VS.

TROY A. WILLIAMS,

        Defendant

**NO. 5:07-CV-377 (CAR)**

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

      On December 17, 2007, defendant Troy A. Williams filed a MOTION TO DISMISS herein contending, *inter alia*, that plaintiff KENNY RAY CRAIG, SR. had failed to state a claim and that he had failed to exhaust his administrative remedies prior to filing the instant action. Tab #12. On January 16, 2008, plaintiff Craig timely filed a response asserting that he had, in fact, attempted to exhaust his administrative remedies. Tab #14. On January 22, 2008, defendant Williams filed a reply to plaintiff's response and withdrew the defense of failure to exhaust leaving pending before the court only the contention of failure to state a claim. Tab #15.

      Thereafter, but before the undersigned issued a recommendation on the defendant's initial MOTION TO DISMISS (Tab #12), defendant Williams filed a *second* MOTION TO DISMISS (Tab #17) contending that the action should be dismissed due to a change in circumstances. Defendant also incorporated by reference the failure to state a claim argument remaining from his initial motion seeking dismissal. Accordingly, in light of the fact that defendant Williams withdrew the failure to exhaust administrative remedies defense submitted in his *first* MOTION TO DISMISS and subsequently renewed his failure to state a claim in the *second* MOTION TO DISMISS, **IT IS RECOMMENDED** that defendant's initial Motion to Dismiss (Tab #12) be **DENIED** as moot.

      With regard to defendant's *second* MOTION TO DISMISS (Tab #17), on February 13, 2008, the undersigned directed plaintiff Craig to file a response WITHIN TWENTY (20) DAYS of receipt of the order. Tab #19. Plaintiff was advised therein that if he filed no response, the court would consider the motion UNCONTESTED and that, as such, the motion could be granted.

On August 1, 2008, rather than immediately recommending that defendant's second Motion to Dismiss be granted as uncontested, and in an effort to give the plaintiff an additional opportunity to pursue this action, the undersigned issued an ORDER TO SHOW CAUSE as to why the instant action should not be dismissed for failure to prosecute. Tab #20. Plaintiff Craig was given until August 15, 2008 to file a response.

On August 18, 2008, plaintiff Craig filed a response (Tab #21) to the aforementioned ORDER TO SHOW CAUSE. Therein, plaintiff claims that he did, in fact, timely mail a response to the defendant's second MOTION TO DISMISS. Additionally, plaintiff advises that he mailed his response using indigent postage, that no proof of mailing receipt was available, and that Phillips State Prison has no record of the aforementioned reply being mailed. As such, plaintiff contends that his response to the defendant's second MOTION TO DISMISS, a copy of which he attached to his response to the ORDER TO SHOW CAUSE, should now be considered by the court. Despite these somewhat dubious assertions by the plaintiff, the undersigned will nonetheless consider his response.

In his response to the defendant's second MOTION TO DISMISS, plaintiff Craig complains that his transfer from Men's State Prison to Phillips State Prison was inappropriate on the basis that he had previously requested to stay at Men's State Prison until the conclusion of the instant litigation. This argument is not only irrelevant to the instant action but is also without merit. A prisoner has no right to be incarcerated in an institution of his own choosing. *Adams v. James*, 784 F.2d 1077 (11th Cir. 1986).

Plaintiff next avers that he has "a list of witnesses who will testify willfully against the defendant if given the chance," and that, even though defendant Williams "has more legal power with attorneys and the state than the plaintiff, his constitutional rights were violated and [he] wishes to proceed." These arguments are also without merit insofar as they fail to address the arguments and points of law set out by the defendant in his second MOTION TO DISMISS. Accordingly, **IT IS RECOMMENDED** that defendant's MOTION TO DISMISS (Tab #17) be **GRANTED**.

Also pending before the court is plaintiff Craig's MOTION FOR INJUNCTIVE RELIEF. Tab #7. Therein, plaintiff seeks a temporary restraining order enjoining defendant Williams and other unidentified members of the staff at Men's State Prison from: (a) harassing the plaintiff, (b) "shaking down" plaintiff's locker box without probable cause, (c) transferring plaintiff to another institution until the instant proceedings are final, (d) confiscating legal material in plaintiff's possession, and (e) selectively enforcing certain unnamed policies against plaintiff. In addition, plaintiff also asks the court to order the defendant and other unidentified personnel at Men's State Prison to "allow plaintiff the same rights and quality as other inmates who are classified as plaintiff" and to "allow plaintiff detail requested if qualified." Defendant Williams timely filed a response to the plaintiff's motion (Tab #9). However, before the undersigned could issue a recommendation on the motion, plaintiff Craig was transferred to Phillips State Prison thus mooting the plaintiff's request. Accordingly, since it appears that plaintiff's request for injunctive relief has been rendered moot as a result of his transfer, **IT IS RECOMMENDED** that plaintiff's MOTION FOR INJUNCTIVE RELIEF be **DENIED**, noting that in the event plaintiff should be returned to Men's State Prison, he would certainly be free to renew said motion.

Pursuant to 28 U.S.C. §636(b)(1), the parties may file written objections to the foregoing **RECOMMENDATIONS** with the Clerk of court **WITHIN TEN (10) DAYS** after being served with a copy thereof, directed to the district judge assigned to this case, .

SO RECOMMENDED, this 19th day of AUGUST, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE